UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

_____

JEFFERY ALAN RICHIE,             §
                                 §
    Plaintiff,                   §
                                 §
v.                               §   CIVIL ACTION NO. 2:11-cv-307
                                 §
RICK THALER,                     §
                                 §
    Defendant.                   §
_____   §

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed pursuant to 28 U.S.C. § 2254. Petitioner is confined at the McConnell Unit in Beeville, Texas. Petitioner is challenging his state court conviction in Wharton County, Texas, arguing that he received ineffective assistance of counsel. (D.E. 1 at 2).

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 960–61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. *Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses. . . . Section 2241(d) militates in

> favor of filing the applicant's petition in . . . the division where the witnesses are located, rather than in . . . the division in which the applicant is confined.

*Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced by a state court in Wharton County, Texas, which is in the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. 28 U.S.C. § 2241(d). The purpose of this provision is to provide a convenient forum for witnesses. *Mitchell*, 432 F.2d at 436. Should an evidentiary hearing ever be necessary in this case, the witnesses (and evidence) concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered. Accordingly, section 2241(d) also favors an intra-district transfer of venue to the division where the witnesses and evidence is located, rather than the division where the petitioner is confined. *Mitchell*, 432 F.2d at 436; *Davis v. Thaler*, 2011 WL 2837502 (S.D. Tex. July 15, 2011) ("It is policy in the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was entered.").

**WHEREFORE**, it is ordered that the Clerk of the Court **TRANSFER** this action to the United States District Court for the Southern District of Texas, Houston Division.

**ORDERED** this 14th day of October 2011.

*/s/ Nelva Gonzales Ramos*
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT COURT JUDGE**