IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY ALAN RICHIE, | § | |
| TDCJ #1481626, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3674 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Jeffery Alan Richie (TDCJ #1481626, former TDCJ #902684, #282577), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion for summary judgment, arguing that the petition must be denied [Doc. # 20]. Richie has filed a reply [Doc. # 21]. Richie also requests discovery and an evidentiary hearing [Docs. # 22, # 23]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion, denies the petition, and dismisses this case for reasons that follow.

## I.    BACKGROUND

A Wharton County grand jury returned an indictment against Richie in cause number 16161, charging him with possession with intent to deliver a controlled substance, namely, cocaine. The State enhanced that indictment for purposes of punishment with allegations that

Richie had at least three prior felony convictions.  As a habitual offender, Richie faced a potential sentence of between 25 years to life in prison if convicted of the charged offense, which is summarized in more detail below.

The drug charges lodged against Richie in cause number 16161 were filed after the Wharton County Sheriff's Department executed a search warrant at Richie's residence in El Campo, Texas.  A local magistrate approved the search warrant based on an affidavit from Wharton County Sheriff's Deputy Sergeant Tommy Johnson.  In that affidavit, Sergeant Johnson included information that he received from a "reliable" confidential informant.  The confidential informant, who reportedly had observed Richie sell crack cocaine from his residence in the past, indicated that Richie presently was in possession of cocaine and that he was manufacturing crack cocaine for sale on the premises.  The ensuing search of Richie's residence yielded powder cocaine and crack cocaine that was packed for sale in small plastic bags.  Cocaine residue was apparent on various surfaces in the small home occupied by Richie, which had electricity, but no running water.  The officers also recovered drug paraphernalia, including plastic straws or cylindrical objects of the sort used to snort cocaine and a mirror with crack cocaine on it next to Richie's bed.  In addition, the officers recovered tools of the drug trade that are commonly used in the manufacture and sale of crack cocaine, including a digital scale, a large quantity of baking soda, Pyrex containers, and three microwaves, all covered with cocaine residue, as well as a quantity of United States currency.

Richie's defense counsel filed several discovery motions, including a motion to compel the State to disclose the identity of the confidential source who provided the

2

information that Sergeant Johnson used to obtain a search warrant.  Defense counsel also filed a motion to suppress the evidence seized from Richie's residence on the grounds that the warrant was based on stale information from an unreliable source and was not adequate to establish probable cause for the search.  The 329th District Court for Wharton County, Texas, conducted an in camera proceeding to consider the information provided by Sergeant Johnson's confidential source.  After a separate pretrial hearing held on January 22, 2008, the trial court denied Richie's motion to disclose the confidential informant's identity and Richie's motion to suppress evidence.  *See Court Reporter's Record*, vol. 2, at 65.  Richie declined the State's offer of a plea agreement, which contemplated a 25-year prison sentence, and the case proceeded to trial.

At trial, the State presented all of the evidence seized during the search of Richie's residence.  Richie's defense counsel repeated her objections to the search and disputed the validity of the warrant.  The jury rejected Richie's objections to the search and found Richie

guilty as charged in the indictment.[1]  The same jury determined further that the enhancement

allegations were "true" and sentenced Richie to life imprisonment.

Richie filed a direct appeal, arguing that the trial court erred by (1) denying his motion

to suppress evidence; (2) refusing to require the State to identify the confidential source who

supplied information to Sergeant Johnson; and (3) admitting evidence of a parole violation

that was referenced in the search warrant.  Richie argued further that he was denied effective

assistance of counsel because his defense attorney failed to file adequate pretrial motions or

conduct a sufficient investigation.  An intermediate court of appeals rejected all of Richie's

arguments and affirmed the conviction after detailing the facts that were presented in support

of the warrant to search Richie's home, where crack cocaine was being manufactured and

sold:

> On June 18, 2007, Tommy Johnson, a sergeant with the Wharton
> County Sheriff's Department Narcotics Task Force, submitted a probable
> cause affidavit to a magistrate and obtained a search warrant for Richie's
> residence.  Richie had been under investigation for selling cocaine and crack
> cocaine.  Johnson testified that he had been contacted by a confidential
> informant in reference to Richie selling cocaine and crack cocaine within

---

[1]     Texas evidentiary rules authorize a jury to consider whether evidence was seized in violation of the Constitution or laws of the State of Texas, or the constitution or laws of the United States.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a).  If the jury decides that the evidence was seized unlawfully, the jury is authorized to "disregard any such evidence so obtained." *Id.*  A defendant has a statutory right to a jury instruction under this provision if the following criteria are met:  (1) the evidence heard by the jury raises an issue of fact; (2) the evidence of that fact has been affirmatively contested by the defense; and (3) the contested factual issue is "material to the lawfulness of the challenged conduct in obtaining the evidence."  *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).  The jury in Richie's case was instructed accordingly under this statute and given the option to disregard any evidence that was seized unlawfully from Richie's residence. *See Clerk's Record*, at 63-64.

twenty-four [hours] of seeking the warrant.  The informant notified Johnson that he had received a telephone call from Richie on June 16, 2007.  The informant told Johnson that Richie had called him and asked him to come to his house.  According to Johnson's affidavit, Richie asked the informant to come over only when he had cocaine.  Johnson stated that the informant had provided reliable information in the past and knew what cocaine and crack cocaine looked like.  According to the affidavit, the informant had previously been to and had observed cocaine and had seen measuring cups and microwaves that Richie used to "cook" the crack cocaine at his residence.  The informant advised that cocaine dealers came to Richie's house to cook the crack cocaine, that Richie used cocaine, and that Richie was on parole.  The informant reported to Johnson on the day before the search warrant was executed that the informant had driven by Richie's residence and observed narcotic activity there.  This coincided with Johnson's personal knowledge that he had observed people at the residence that he knew, from experience, were involved with drugs.

*Richie v. State*, No. 13-08-084-CR, 2010 WL 878729, * 1 (Tex. App. — Corpus Christi March 11, 2010).  After the intermediate appellate court entered its decision, Richie did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Subsequently, Richie challenged his conviction by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.  In that application, Richie complained at length that he was denied effective assistance of counsel at trial and on direct appeal.  A majority of those claims concerned his trial attorney's unsuccessful effort to discover the confidential informant's identity and to suppress the evidence seized during the search of his home.  After considering all of the pleadings and the state court record, the trial court rejected Richie's claims without entering any written findings and forwarded his

application to the Texas Court of Criminal Appeals, which denied relief without a written order. *See Ex parte Richie* No. 50,789-03 (Tex. Crim. App. March 2, 2011).

Richie now challenges his conviction with a petition for federal habeas corpus relief under 28 U.S.C. § 2254. Richie, who has filed a lengthy supporting memorandum in support of his petition, raises numerous claims of ineffective assistance of counsel. As in state court, a majority of those claims concern his trial attorney's failure to discover the confidential informant's identity or to suppress the evidence against him. Richie also faults his appellate attorney for failing to raise several arguments in a motion for new trial or during his direct appeal. The respondent has filed a motion for summary judgment arguing that Richie's petition must be denied because his claims do not merit relief. The parties' contentions are discussed further below under the governing federal habeas corpus standard of review.

## II.   STANDARD OF REVIEW

Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure. In this instance, the respondent's summary-judgment motion must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). To the

extent that the petitioner's claims were "adjudicated on the merits" in state court, the AEDPA standard found at 28 U.S.C. § 2254(d) applies.[2]

Claims presenting pure questions of law and mixed questions of law and fact are governed by 28 U.S.C. § 2254(d)(1), which precludes habeas relief unless a petitioner demonstrates that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1); *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000).  A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case.  *See Brown v. Payton*, 544 U.S. 133, 141 (2005).  Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

---

[2]     There are additional limitations on federal habeas review.  Pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011).  Where applicable, a state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)).  This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well.  *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).  Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

As this deferential standard reflects, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted).  In that respect, the AEDPA standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011).  The Supreme Court has underscored the extent of this deferential standard:

> [28 U.S.C. § 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining [a writ of] habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87.  This deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision.  *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").  With this deferential standard in mind, the petitioner's claims are examined below under the applicable legal standard.

## III.   DISCUSSION

### A     Ineffective Assistance of Counsel at Trial

The state court records show that Richie was represented at trial by local criminal defense attorney Lorna Henson.  Richie contends that he was denied effective assistance of counsel at trial for numerous reasons, many of which overlap.  Richie's specific allegations are addressed in more detail below following a brief overview of the legal standard that governs claims of ineffective assistance of counsel.

Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "A reasonable probability" requires "a 'substantial' not just a 'conceivable,' likelihood of a different result." *Pinholster*, 131 S. Ct. at 1403 (quoting *Richter*, 131 S. Ct. at 791).

In this instance, Richie lists approximately twenty allegations of deficient performance by his trial attorney. The record reflects that Richie raises many of the same allegations that were rejected during his direct appeal and state habeas corpus proceedings. To the extent that Richie's ineffective-assistance claims were rejected in state court, the central question

10

is not whether this Court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable — a substantially higher standard.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citation omitted). Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

Because many of Richie's allegations are related, the Court has grouped his ineffective-assistance claims for ease of analysis. Liberally construed, Richie alleges that his defense counsel was deficient because she failed to do the following: (1) to consult with him before filing a motion to disclose the confidential informant's identity; (2) to present additional facts in support of the motion to suppress evidence or to challenge the affidavit in support of the search warrant by requesting a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978); (3) to advise him of his right to testify at the hearing on his pretrial motions; (4) to research the law on parole warrants; (5) to interview his parole officer or call her as a witness; (6) to conduct an independent investigation by taking her own photographs of the scene; (7) to impeach evidence during Sergeant Johnson's testimony; (8) to raise an objection to hearsay testimony given by Sergeant Johnson about statements attributed to the

confidential informant in the probable cause affidavit; (9) to raise an objection during the prosecutor's closing argument; and (10) to prepare for the sentencing phase of the trial by researching his social history for purposes of presenting mitigation evidence. The respondent contends that the Richie does not demonstrate a valid ineffective-assistance claim under the *Strickland* standard because he fails to show that his counsel's performance was deficient.[3] Richie's allegations of deficient performance are discussed separately below.

### 1.        The Motion to Disclose the Confidential Informant's Identity

Many of Richie's ineffective-assistance claims take issue with his counsel's failure to consult with him before filing a pretrial motion to disclose the identity of the confidential informant.   As noted above, Sergeant Johnson obtained a warrant to search Richie's residence based on an affidavit that included information from a confidential source. Richie's defense attorney filed a written motion to disclose the identity of the confidential informant in order to establish the reliability of the information used to justify the search warrant, to assess whether the confidential informant was a witness to the offense, and to

---

[3]        The respondent argues at the outset that Richie failed to raise several portions of his ineffective-assistance-of-counsel claims in state court.  The respondent contends, therefore, that Richie failed to exhaust available state court remedies in violation of 28 U.S.C. § 2254(b), and that those claims are barred from federal review by the doctrine of procedural default.  The disjointed nature of Richie's pleadings makes this determination difficult.  A review of Richie's state habeas application confirms that he did not clearly present all of his claims for adjudication in state court.  The Fifth Circuit has recognized that where, as here, a petitioner lodges multiple claims for ineffective assistance of counsel each distinct allegation of ineffective assistance must be exhausted.  *See Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998).  Although several Richie's allegations do appear unexhausted, the Court does not address the doctrine of procedural default at this time because all of his underlying claims are without merit for reasons set forth in the text hereafter.

secure the confidential informant's presence at trial for purposes of cross-examination.  *See Clerk's Record*, at 27-28.  The trial court considered the request for disclosure of the confidential informant's identity during an in camera proceeding and denied the motion at a pretrial hearing.

Richie complains that his defense attorney was deficient because she filed the motion to disclose the confidential informant's identity without speaking with him first.  Richie argues that there were "other" arguments that he wanted to raise in this motion.  In that respect, Richie states that would have argued that there were "no informants in [his] residence within the 48 hours preceding the affidavit issuance of the search warrant, nor any other times was their [sic] informants at his residence."  Richie insists further that the affidavit filed in support of the search warrant contained "false" information and that he was entitled to confront and cross-examine the confidential informant at his trial.

Richie does not demonstrate that counsel was deficient or ineffective because, as the intermediate court of appeals explained, the State was not required to disclose the confidential informant's identity as a matter of law under the circumstances of his case:

> The State has the "privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in a criminal investigation." TEX. R. EVID. 508(a). As such, the State may withhold the identity of an informant unless the informant: (1) participated in the offense; (2) was present at the time of the offense or arrest; or (3) was otherwise shown to be a material witness to the transaction or to whether appellant knowingly committed the act charged. *Williams v. State*, 787 S.W.2d 198, 199-200 (Tex. App. — Corpus Christi 1990, pet ref'd).
>
> The record does not reflect that the informant was present when [Richie] was arrested, nor does it show that the informant participated in the

offense for which [Richie] was arrested.  When information from an informant is used only to establish probable cause for a search warrant and the informant was not a participant in the offense or present when the search warrant was executed, the identity need not be disclosed because the informant's testimony is not essential to a fair determination of guilt, rather, it is only relevant to a determination of probable cause.  *Washington v. State*, 902 S.W.2d 649, 655-57 (Tex. App. — Houston [14th Dist.] 1995, pet. ref'd).  For these reasons, we hold that there was no abuse of discretion. [Richie]'s second issue is overruled.

*Richie v. State*, No. 13-08-084-CR, 2010 WL 878729, *2-3 (Tex. App. — Corpus Christi 2010 March 10, 2010, no pet.).

Richie does not demonstrate that the state court's determination was unreasonable. There is no apparent legal basis to establish that the State was required to disclose the confidential informant's identity in his case or that his counsel was deficient for failing to raise a particular argument which, if presented, would have been successful.  Counsel is not ineffective for failing to make a frivolous argument.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").  Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, the petitioner fails to demonstrate deficient performance or actual prejudice.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.")

14

(citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions.").

Regarding Richie's claim that counsel failed to consult with him, Richie concedes that his defense attorney visited with him briefly (approximately 27 minutes) sometime before the pretrial hearing on the motion to disclose the confidential informant's identity.  During that visit, defense counsel conveyed a plea bargain offer made by the prosecutor and mentioned the motion that counsel had filed on Richie's behalf.  To the extent that Richie complains that his counsel did not confer with him at length before this hearing, "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel."  *Murray*, 736 F.2d at 282 (5th Cir. 1984) (citing *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979)).

Richie has not established that his counsel was deficient for failing to consult with him in connection with the motion to disclose the confidential informant's identity or that she failed to raise a meritorious argument.  It follows that he does not establish a valid ineffective-assistance claim.  To the extent that this claim was rejected by the state habeas corpus court, Richie also fails to show that the state court's decision was objectively unreasonable.  He is not entitled to relief for these reasons.

### 2.    The Motion to Suppress Evidence

In several related grounds, Richie complains that his defense counsel was deficient because she failed to present additional facts in support of the motion to suppress evidence seized from his home.  Richie notes, in particular, that evidence may be suppressed where

15

a defendant can show that the affidavit that supports the warrant contains material false statements or omissions. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).   False information in an affidavit can invalidate a search warrant where the misrepresentations are the product of "deliberate falsehood or of reckless disregard for the truth." *Franks*, 438 U.S. at 171.  Richie accuses Sergeant Johnson of manufacturing false statements in the affidavit that he supplied in support of the search warrant.  Richie maintains, therefore, that defense counsel was deficient for failing to request a hearing under *Franks*.

An attorney's failure to file a motion to suppress or to adequately litigate a Fourth Amendment claim may constitute deficient performance if the evidence would have been suppressed as a result of the motion.  *See Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005). The petitioner bears the burden of proving that the evidence admitted at his trial would have been suppressed as a result of an adequate motion or objection by his counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  Richie does not meet that burden here because he does not demonstrate that his counsel had a valid objection to raise under *Franks* or the Fourth Amendment.

Importantly, Richie's claim that his counsel should have requested a hearing under *Franks* was rejected on direct appeal. The appellate court noted that defense counsel "filed a motion to suppress and advocated strongly at the hearing on the motion." *Richie v. State*, No. 13-08-084-CR, 2010 WL 878729, * 4 (Tex. App. — Corpus Christi March 11, 2010, no pet.).  The appellate court concluded that defense counsel was not ineffective for failing to

request "a *Franks* hearing" because there was no evidence of "deliberate falsehood or reckless disregard for the truth" by the officer who prepared the affidavit. *Id.*

Richie does not cite any evidence of a material misstatement in the affidavit or show that a hearing under *Franks* was warranted.[4]  Richie's unsupported allegation is not sufficient to state a claim on federal habeas review.  In that respect, the Fifth Circuit has "made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983)).  Based on this record, Richie does not show that the state court's decision to deny relief was incorrect or objectively unreasonable.  Accordingly, he is not entitled to relief on this issue.

### 3.      Failure to Advise of the Right to Testify at a Pretrial Hearing

Richie complains that his defense attorney was deficient because she did not advise him of his right to testify at the hearing on his pretrial motions. *See Memorandum*, Doc. # 2, 13-36.  Richie maintains that, if he had been allowed to testify at the hearing, he would have contradicted the affidavit submitted by Sergeant Johnson in support of the search warrant. This claim is without merit.

---

[4]      Richie has made a request for leave to conduct discovery regarding his allegation that Sergeant Johnson and others involved in the investigation of his case engaged in misconduct by fabricating a reason to search his residence.  Richie's motion for discovery is denied for reasons discussed further below.

It is true that a criminal defendant has a fundamental constitutional right to testify in his own defense. *See Jordan v. Hargett*, 34 F.3d 310, 312 (5th Cir. 1994) (citing *Rock v. Arkansas*, 483 U.S. 44, 49-52 (1987)). Richie does not allege that he was prevented from testifying or that he wished to testify in his own defense at his trial. Assuming that a defendant's right to testify extends to pretrial hearings, the record shows that Richie testified at the pretrial hearing at issue. *See Court reporter's Record*, vol. 2, at 68-71. During that time, the trial court afforded Richie an opportunity to raise many of the arguments referenced in his pleadings. *See id.* The trial court considered Richie's arguments at the close of the proceeding, but declined to change any of his rulings. *See id.* at 71. Under these circumstances, Richie does not show that he was denied an opportunity to testify in his own defense and he does not articulate a valid claim for habeas corpus relief.

### 4.    Failure to Conduct Legal Research on Parole Warrants

Richie complains that his defense attorney was deficient because she failed to conduct legal research regarding the effect of an arrest warrant that was issued by the parole board. Richie takes issue with comments made Sergeant Johnson's affidavit in support of the search warrant application, in which Sergeant Johnson disclosed that Richie was "wanted" for violations of his parole. Richie does not deny that, when the search of his home occurred, the parole board had issued a warrant for his arrest or that he was in violation of the terms and conditions of his parole. Richie maintains, however, that the existence of a parole warrant was not sufficient to authorize the search of a residence. Thus, Richie argues that

18

his counsel was deficient for failing to research this issue and raise an appropriate objection to the search.

Richie's argument overlooks the fact that officers conducted the search of his residence after obtaining a warrant based on probable cause supplied by Sergeant Johnson. In that respect, the search of Richie's residence was not conducted during the execution of the parole warrant. The record clarifies that the parole warrant was referenced by the State during the pretrial hearing on Richie's motion to suppress as a potential alternative ground for searching the residence. During examination by the prosecutor, Sergeant Johnson confirmed that there was an "outstanding felony parole warrant" for Richie's arrest at the time of the search. *Court Reporter's Record*, vol. 2, at 51. Sergeant Johnson stated that this warrant authorized officers to "intrude into [Richie's] home" to effect his arrest. *Id.* Sergeant Johnson also agreed that, while executing that warrant, "[a]ny evidence . . . found inside that home in plain view would have been admissible in court." *Id.* The State argued that the evidence seized was either in plain view of the officers who entered Richie's home or within Richie's reach at the time of his arrest.

Richie does not demonstrate that the prosecutor's argument (regarding the admissibility of evidence seized while in plain view) was incorrect as a matter of law. *See, e.g., Minnesota v. Dickerson*, 508 U.S. 366, 374-75 (1993) (discussing the "plain view" doctrine that allows police to seize contraband if its incriminating character is immediately apparent and it is observed from a lawful vantage point); *Coolidge v. New Hampshire*, 403 U.S. 443, 465-66 (1971) (discussing applications of the "plain view" exception to the warrant

requirement and searches conducted incident to an arrest).  More importantly, he does not show that his counsel was deficient for failing to conduct research or to raise an objection to the prosecutor's argument.  Absent a showing that his counsel was deficient, and that he was prejudiced as a result, Richie does not demonstrate that he was denied effective assistance of counsel.  Accordingly, Richie is not entitled to relief on this claim.

### 5.    Failure to Interview or Call a Witness

Richie complains that his defense attorney was deficient because she failed to interview his parole officer or call her as a witness.  Richie references a parole warrant that issued prior to the search of his residence.  Richie asserts that his parole officer would have testified that the warrant was for "drug abuse violations" and not for a violent offense.  This claim is without merit.

The Fifth Circuit has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review "because allegations of what a witness would have testified are largely speculative." *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007) (citing *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)).  "Where the only evidence of a missing witnesses' testimony is from the defendant, [a federal habeas corpus court] views claims of ineffective assistance with great caution."  *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citations and quotations omitted).  To demonstrate the required *Strickland* prejudice on a claim of ineffective assistance in this context, a petitioner "must show not only that [the]

testimony would have been favorable, but also that the witness would have testified at trial."
*Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

Richie has not alleged that his parole officer would have testified in his defense if called as a witness. Even if his parole officer had been called as a witness, Richie does not show that the testimony would have been favorable. Based on this record, Richie does not demonstrate that his counsel was deficient for failing to interview Richie's parole officer or to call her as a witness. Likewise, Richie does not show that the state court's decision to deny relief was objectively unreasonable. He is not entitled to relief on this ground.

### 6.    Failure to Investigate

Richie complains that his defense attorney was deficient because she failed to conduct an adequate investigation. A habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). In this instance, Richie claims that his counsel should have conducted an independent investigation by taking her own photographs of his residence. Richie contends that additional photographs would have been useful to cross-examine Sergeant Johnson about the surveillance conducted at his residence, where cocaine and other items associated with the drug trade were seized. Richie's allegation is insufficient to demonstrate a valid claim for reasons outlined briefly below.

The record shows that the State presented numerous photographs of Richie's residence and the evidence recovered from that location.  *See Court Reporter's Record*, vol. 6, State's Ex. Nos. 4-41.  The record also reflects that defense counsel cross-examined Sergeant Johnson at length during the pretrial suppression hearing and at trial.  *See Court Reporter's Record*, vol. 2, at 35-42; vol. 3, at 110-44; vol. 4, at 1- 17.  Richie does not clearly articulate what, if anything, additional photographs of the scene would have illustrated.  More importantly, he does not demonstrate that additional photographs of the scene would have changed the result.  Absent a showing of deficient performance and actual prejudice, Richie does not articulate a valid claim for ineffective assistance of counsel or show that the state court's decision to reject this claim was objectively unreasonable.  It follows that Richie is not entitled to relief on this issue.

### 7.    Failure to Introduce Impeachment Evidence

Richie complains that his defense attorney was deficient because she failed to present evidence in the form of a letter, allegedly written by an "anonymous source" who was in jail at the same time as Richie.  Richie contends that the letter would have impeached Sergeant Johnson's credibility.  The handwritten letter, which consists of one paragraph, is not dated and it is barely legible.  *Ex parte Richie*, No. 50,789-03 at 320.  Although the contents of the letter are unclear, it is signed "from the hood." *Id.*

The respondent, who notes that the letter is unauthenticated and not in admissible form, argues that defense counsel cannot be faulted for declining to offer the letter into evidence or to use the letter during cross-examination to impeach Sergeant Johnson's

testimony.  The Court agrees.  Decisions about cross-examination are strategic choices that are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland*, 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight").  As the Supreme Court has repeated, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 690-91)).

To the extent that Richie gave the letter to his attorney, but she declined to present this evidence at trial, her strategic decision cannot be the basis of an ineffective-assistance claim. Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review.  *See Strickland*, 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight").  A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999).  It is well established that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983) (citing *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1975); *Daniels v. Maggio*, 669 F.2d 1075 (5th Cir. 1982)).

Richie does not demonstrate that his trial was tainted by unfairness as the result of his counsel's cross-examination strategy.  In that respect, the letter does not clearly implicate Sergeant Johnson or undercut his testimony.  Likewise, Richie does not show that the letter would have been admitted if counsel had offered it.  Based on this record, Richie does not show that counsel's trial strategy was deficient or that he was actually prejudiced by his counsel's performance during cross-examination.  It follows that Richie is not entitled to relief on this claim.

### 8.    Failure to Raise a Hearsay Objection

Richie complains that his defense attorney was deficient because she did not raise an objection to testimony given at trial by Sergeant Johnson about statements attributed to the confidential informant.  Those statements concerned information that was outlined in the affidavit in support of Sergeant Johnson's application for a search warrant.  Richie objects, in particular, to the following exchange between defense counsel and Sergeant Johnson about whether information provided by the confidential source was stale and therefore insufficient to demonstrate proximate cause:

DEFENSE:   . . . [The confidential informant] advised that Jeffery Richie cooks crack cocaine at the residence?

JOHNSON:   Correct.

DEFENSE:   Okay.  Did he tell you how he knew that?

JOHNSON:   No, not in here [in the affidavit].

DEFENSE:   Did you ask him?

JOHNSON:   Yes.

DEFENSE:   Okay.  But he didn't tell you how he knew that?

JOHNSON:   Said C.I. advised me [that he or she] saw Jeffery Richie cook crack cocaine at the residence.

DEFENSE:   Okay.  I'm confused.  Did you ask him how he knew that – him or her?

JOHNSON:   The C.I. advised me that the C.I. was at the residence when Jeffery Richie was cooking it.

DEFENSE:   But as you already stated, he did not tell you when, correct?

JOHNSON:   No.

DEFENSE:   And you did not ask, correct?

JOHNSON:   Correct.

*Court Reporter's Record*, vol. 3, at 123-24.  Richie contends that counsel should have objected to Sergeant Johnson's testimony about the information provided by his confidential source because that information was inadmissible "hearsay."

The respondent notes that the confidential informant's statements to Sergeant Johnson were not hearsay, which is defined as out-of-court statement offered into evidence to prove the truth of the matter asserted.[5]  In Texas, testimony by a police officer may include out-of-court statements made by a confidential informant to show how the defendant became the focus of a police investigation.  *Poindexter v. State*, 153 S.W.3d 402, 406-07 (Tex. Crim.

---

[5]   Under the Texas Rules of Evidence, "hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d).  In this context, the "matter asserted" includes "any matter explicitly asserted, and any matter implied by a statement if the probative value of the statement as offered flows from the declarant's belief as to the matter."  *Id.* at 801(c).

App. 2005).  In that regard, "testimony by an officer that he went to a certain place or performed a certain act in response to generalized 'information received' is normally not considered hearsay because the witness should be allowed to give some explanation of his behavior."  *Id*. at 408 n.21.  By contrast, "details of the information received are considered hearsay and are inadmissible — unless the officer's conduct has been challenged, for instance, as lacking probable cause."  *Id.* at 408 n.21.

The record confirms that Sergeant Johnson's testimony was solicited by defense counsel to determine whether the information that he received from the confidential informant was adequate to support a finding of probable cause.  *See Court Reporter's Record*, vol. 3, at 110-44; vol. 4, at 1-19.  Defense counsel's effort to challenge the validity of the search warrant was required in order to place the issue before the jury.  *See Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007) (outlining the criteria for a jury instruction on whether evidence was lawfully seized under art. 38.23(a) of the Texas Code of Criminal Procedure).  Richie does not allege or show otherwise.  Because Sergeant Johnson was permitted to convey information that he received from the confidential informant in support of the search warrant, Richie does not show that his counsel had a valid objection to make.  Absent a showing that counsel failed to raise a meritorious objection and that the outcome would have been different, Richie fails to demonstrate deficient performance or actual prejudice.  *See Parr*, 472 F.3d at 256.  It follows that Richie does not demonstrate a valid claim for ineffective assistance of counsel and he is not entitled to relief on this claim.

26

### 9.    Failure to Raise Objections During Closing Argument

Richie complains that his defense attorney was deficient because she failed to raise objections during the prosecutor's closing argument at the guilt/innocence phase of the trial. In particular, Richie takes exception to the prosecutor's characterization of his residence as "a crack house." *Court Reporter's Record*, vol. 4, at 58. Richie's argument is without merit because he does not show that the prosecutor's comment exceeded the boundaries of permissible argument or that counsel had a valid objection to raise under Texas law.

In Texas, jury argument is considered proper if it falls within four general categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument by opposing counsel; and (4) a plea for law enforcement. *See Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011) (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)). In making a plea for law enforcement, a prosecutor may argue the relationship between a jury's verdict and (1) the deterrence of crime in general; (2) the deterrence of specific crimes; (3) the impact it will have on the community at large; or (4) the impact it will have on narrower segments of the community (*e.g.*, law enforcement officers, highway drivers, women, or children). *See Borjan v. State*, 787 S.W.2d 53, 55-56 (Tex. Crim. App. 1990).

The record reflects that the prosecutor's comment was made during his summation of the items recovered from Richie's residence. The prosecutor's characterization was also reasonable deduction from this evidence, which showed that Richie was manufacturing and selling crack cocaine from a residence that was dilapidated in appearance and, according to

27

testimony from officers who conducted the search, had electricity, but no running water.  In addition, by asking jurors to close down Richie's sale of crack in the neighborhood, the prosecutor's comment was arguably made in connection with a plea to law enforcement within the community.  Based on this record, Richie does not show that the prosecutor engaged in improper argument or that his counsel had a valid objection to make.

Alternatively, even if the prosecutor's comment was inappropriate, counsel's failure to object cannot be faulted here.  The Fifth Circuit has recognized that whether to object during closing argument is a matter of trial strategy, which is ill-suited to second-guessing. *Drew v. Collins*, 964 F.2d 411, 423 (5th Cir. 1992).  Where the objection proposed by a defendant has only dubious merit, at best, an attorney may make a strategic choice to forego such an objection to avoid antagonizing the jury. *See Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992); *Spicer v. Cain*, 2007 WL 4532221 (E.D. La. 2007) (noting that this is "especially . . . true with respect to possible objections to a closing argument, which jurors are instructed not to view as evidence").  Richie does not demonstrate a valid ineffective-assistance claim based on his attorney's failure to raise an objection during the prosecutor's closing argument.  Accordingly, Richie is not entitled to relief on this claim.

### 10.    Failure to Investigate or Present Mitigating Evidence

Richie complains that his defense attorney was deficient because she failed to prepare for the sentencing phase of the trial by researching his social history.  Richie asserts, therefore, that his attorney failed to present mitigating evidence on his behalf.  As noted above, a habeas corpus petitioner who alleges a failure to investigate on the part of his

counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller*, 420 F.3d at 361 (citing *Green*, 882 F.2d at 1003). Richie does not offer any facts showing what additional investigation of his social history would have shown. His conclusory allegations are insufficient to demonstrate deficient performance or actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009); *see also Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence). Because Richie does not articulate facts in support of his claim, he does not demonstrate that his counsel was deficient for failing to investigate or present mitigating evidence. Therefore, Richie is not entitled to relief on this issue.

### B.     Ineffective Assistance of Counsel on Appeal

Richie contends that he was denied effective assistance of counsel on appeal because the attorney who was appointed initially (Philip Hundl) failed to assist him with filing a proper motion for new trial. Richie argues further that his second appointed appellate attorney (Ken Lipscombe) was deficient because he failed to (1) file a motion to abate the appeal to pursue an out-of-time motion for new trial; (2) alert the trial court of the deadline for filing a motion for new trial; or (3) raise claims concerning a violation of the Confrontation Clause, a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and a challenge to the sufficiency of the evidence. In addition, Richie argues that Lipscombe failed to adequately brief a challenge to the trial court's ruling on his motion to suppress.

29

A claim of ineffective assistance on appeal is governed by the above-referenced test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

The respondent notes that Richie's appeal was abated to allow him an opportunity to litigate an out-of-time motion for new trial. The trial court considered that motion following a hearing. *See Court Reporter's Record*, Hearing, March 11, 2009. Therefore, Richie cannot claim that he was denied the opportunity to file a motion for new trial as a result of his attorney's deficient performance or that counsel failed to abate the appeal so that Richie could submit his motion for new trial.

With respect to his remaining claims, Richie does not demonstrate that any of the proposed grounds had merit or that counsel failed to raise a non-frivolous argument on appeal. The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Robbins*, 528 U.S. at 278. In that respect, "[t]he Constitution does not require appellate

30

counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (observing that there is no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points").  To the contrary, counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision "fall[s] below an objective standard of reasonableness." *United States v. Reinhart*, 357 F.3d 521, 524 (5th Cir. 2004) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir.2000)).  This standard only requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful."  *Id.*

The appellate brief filed by Richie's appellate attorney reflects that he raised several carefully chosen issues concerning the trial court's evidentiary ruling on the motion to suppress as well as the trial court's decision to deny Richie's request for the identity of the confidential informant.  In light of the drugs and drug paraphernalia recovered during the search of his residence, Richie does not show that his appellate attorney was deficient for failing to challenge the sufficiency of the evidence.  Richie does not demonstrate that a *Brady* violation occurred in his case or that he was denied the right to confront and cross-examine a witness.  Richie does not demonstrate that his appellate attorney failed to discover and raise a non-frivolous issue during his appeal.  Based on this record, Richie does not show that his appellate attorney was deficient.

Absent a showing that his appellate attorney was deficient or that he was actually prejudiced as a result, Richie fails to demonstrate that he was denied effective assistance of counsel on appeal. Likewise, Richie fails to show that the state court's decision to reject his ineffective-assistance claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Therefore, Richie is not entitled to relief on this issue. Because Richie has failed to establish that any of his claims merit relief, the respondent is entitled to summary judgment as a matter of law and the petition must be dismissed.

## IV.   PETITIONER'S MOTIONS

### A.   Discovery

Richie has filed a motion for discovery [Doc. # 22]. In that motion he proposes a series of interrogatories and he requests leave to take depositions of Wharton County District Attorney Josh McCown and Assistant District Attorney Gordon Dudley, who prosecuted his case. The questions proposed by Richie pertain to allegations of misconduct by the prosecution or by law enforcement personnel in connection with the confidential informant who provided information in Richie's case. Richie presents other questions about his counsel's failure to impeach testimony given by Sergeant Johnson.

Because Richie filed his request for discovery after the respondent submitted a motion for summary judgment, this motion is governed by Rule 56(d) of the Federal Rules of Civil Procedure, which authorizes a continuance to conduct discovery under certain circumstances. Under Rule 56(d)(2), a district court may grant a continuance to "allow time to obtain

affidavits or declarations or to take discovery," if the party opposing a motion for summary judgment shows by affidavit or declaration that it cannot present facts essential to justify its opposition.  Richie does not provide an affidavit or sworn statement in support of his request for discovery.  He does not otherwise show that a continuance to conduct discovery is warranted.

Motions for a continuance to conduct discovery to oppose summary judgment are "generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).  To justify a continuance, however, the movant must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact.  *See Stearns Airport Equip.*, 170 F.3d at 534-35 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).  Specific facts are required to support an extension of time to seek discovery in this context.  In that regard, the movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Stearns Airport Equip.*, 170 F.3d at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted)).

Importantly, Rule 56(d) and the other Federal Rules of Civil Procedure apply only to the extent that they are not inconsistent with any statutory provisions or the rules governing federal habeas corpus review.  *See* 28 U.S.C. *foll*. § 2254, Rule 12 of the Rules Governing

33

§ 2254 Cases in the United States District Courts.  Under these rules, discovery is limited in habeas corpus proceedings.  In particular, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000).  "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief."  *Murphy*, 205 F.3d at 814.  Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief."  *Id.*  In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery."  *Id.*  "Simply put, Rule 6 does not authorize fishing expeditions."  *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

The record shows that Richie had an opportunity to litigate issues concerning the validity of the search warrant prior to and during his trial.  Richie also raised numerous objections on direct appeal and state habeas corpus review regarding the search of his residence.  As noted above, the Supreme Court has recently emphasized that federal habeas corpus review "is limited to the record that was before the state court that adjudicated the claim on the merits."  *Pinholster*, 131 S. Ct. at 1398; *see also Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (concluding that the district court was barred from conducting an evidentiary hearing under *Pinholster*).  To the extent that Richie's claims were adjudicated

34

on the merits in state court, "he must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Pinholster*, 131 S. Ct. at 1400.

Richie does not allege specific facts showing that discovery is justified by good cause as required by Rule 6 of the Rules Governing Section 2254 Cases. *See Murphy*, 205 F.3d at 814 (5th Cir. 2000). More importantly, Richie does not demonstrate a sufficient connection between the requested materials and the substantive claims for relief that he raises in his petition. Thus, the proposed discovery does not warrant a continuance under Rule 56(d) of the Federal Rules of Civil Procedure. Accordingly, the motion for discovery will be denied.

### B.     Evidentiary Hearing

Richie also has filed a motion for an evidentiary hearing [Doc. # 23]. To the extent that Richie failed to develop any facts related to his claims in state court, the decision whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). Under this statute, if an applicant "failed to develop the factual basis of a claim in State court proceedings," then the federal habeas corpus court "shall not hold an evidentiary hearing" on the claim unless the applicant shows that:

> (A)     the claim relies on —
>
>> (I)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable

35

> fact-finder would have found the applicant guilty of the underlying
> offense.

28 U.S.C. § 2254(e)(2). Richie fails to show that he is entitled to a hearing under this statute. Likewise, he has not shown that the state court's decision to deny relief on any of his claims resulted in an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

The decision whether to conduct an evidentiary hearing is committed to this Court's discretion. *See Williams v. Taylor*, 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998). An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims." *Robinson*, 151 F.3d at 268. This court has been able to resolve all issues raised in this case by referring to the pleadings, the state court records, including the trial transcripts and exhibits. Richie's request for an evidentiary hearing is therefore denied.

## V.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C.

§ 2253(c)(1)).  Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner.  Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether

37

the petitioner has stated a valid claim of the denial of a constitutional right.  Therefore, a certificate of appealability will not issue.

## VI.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment [Doc. # 20] is **GRANTED**.

2.    The petitioner's motions for discovery and for an evidentiary hearing [Docs. # 22, # 23] are **DENIED**.

3.    The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

4.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  March 28, 2012.

Nancy F. Atlas
United States District Judge